ALEXANDER ROGERS, RESPONDENT, v. JOHN W. DONNELLAN, APPELLANT.

1. RESULTING TRUST.—WHAT CONSTITUTES.—CO-TENANCY.—PARTITION.—Six persons purchased land, paying equal portions of the purchase-price and taking the deed in the name of one of them, K., who executed an instrument stating that he held it in trust for all, which instrument, however, was not recorded. Subsequently, a partition was made whereby K. with the consent of plaintiff and H., others of the co-tenants, conveyed the west half of the land to the other three co-tenants and they in turn conveyed to K. their interest in the east half, which K. was to hold in trust for plaintiff and H. Plaintiff, K. and H. paid equal portions of a bonus to the other three co-tenants on account of the east half being more valuable than the west half. *Held*, that plaintiff became the equitable owner of an undivided one-third of the east half, K. holding one-sixth of the east half in trust for him on account of the original purchase, and also one-sixth in trust for him on account of his payment of one-third of the bonus, and that there was a resulting trust in his favor to the extent of a one-third interest therein.

2. TRUSTEE.—COVENANT IN DEED.—EFFECT ON GRANTOR.—ESTOPPEL TO TESTIFY.—A trustee is not estopped by his covenant of seisin and warranty in a trust deed from testifying in an action by the *cestui que trust* to establish the trust as against the grantee, that he notified the grantee of the interest of the *cestui que trust* prior to the execution of the trust deed.

(No. 556. Decided Feb. 23, 1895. 39 P. R. 494.)

APPEAL from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge.*

Action by Alexander Rogers against John W. Donnellan for a perpetual injunction to prevent the defendant from selling plaintiff's one-third interest in certain property and for other equitable relief. From a judgment for plaintiff and

from an order overruling defendant's motion for a new trial, he appeals. *Affirmed.*

*Mr. Frank Pierce,* for appellant.

Since the passage of the statute of frauds, most of the authorities hold that an oral partition of land can not be made. 2 Comp. Laws 1888, § 2831; Freeman on Co-tenancy & Par. §§ 397, 401; 1 Washburn on Real Prop. § 430; Browne on Stat. of Frauds, §§ 71, 397-8; *Porter* v. *Perkins,* 5 Mass. 235; *Porter* v. *Hill,* 9 Mass. 34; *Dow* v. *Jewell,* 18 N. H. 353; *Woodhull* v. *Longstreet,* 18 N. J. L. 414; *Duncan* v. *Sylvester,* 16 Me. 390; *Chenrey* v. *Dale,* 39 Me. 164. All the authorities hold that an oral partition is invalid unless it is accompanied by immediate and continuous change of possession. 17 Am. & Eng. Enc. of Law, 668 and cases cited; *Tate* v. *Fashee,* 117 Ind. 322; *Patterson* v. *Martin,* 33 W. Va. 494; *Lanterman* v. *Williams,* 55 Cal. 60; *Vasey* v. *Trustees,* 59 Ill. 188. See, especially, *Woodhull* v. *Longstreet,* 18 N. J. L. 414; Freeman on Co-tenancy & Par. § 399.

*Mr. A. Howatt* and *Messrs. Sutherland & Murphy,* for respondent.

MERRITT, C. J.:

This action was brought to have the plaintiff's title to an undivided one-third interest in certain real estate in Salt Lake City established and confirmed against the defendant; to have it decreed that a certain deed of trust executed by Edward A. Kessler and Enos D. Hoge to the defendant, as trustee, is no lien thereon; and for an injunction perpetually enjoining the defendant and his successors in trust from selling the same under the power contained in the deed of trust. There was a decree for the plaintiff, and defendant appeals.

The record discloses that on December 23, 1889, Edward
A. Kessler, Enos D. Hoge, Joseph Baumgarten, Mr. Wallace, Harriett A. Partridge, and the plaintiff purchased
certain real estate in Salt Lake City for $30,000, each of
them paying one-sixth of the consideration, or $5,000.
The deed was taken in the name of Kessler, who, within
a short time thereafter, executed a written declaration
that he held the title in trust for himself and associates,
one-sixth to each.    The declaration of trust was not recorded.    A short time prior to September 23, 1892, the
several owners agreed to a division of the real estate,
whereby the plaintiff, Kessler, and Hoge should take the
east half thereof, and Baumgarten, who had previously
purchased Wallace's interest in the property, and Partridge
should take the west half; Kessler and Hoge and the
plaintiff to pay to Baumgarten and Partridge $1,600, the
east half being considered that much more valuable than
the west half.    On September 23, 1892, in pursuance of
this agreement, Baumgarten and Partridge conveyed to
Kessler their undivided one-half of the east portion of the
property, and Kessler, with the consent of Hoge and the
plaintiff, executed to Baumgarten and Partridge a deed
which purported to convey to them the undivided one-half
of the west portion of the property; and Kessler, Hoge,
and the plaintiff paid to Baumgarten and Partridge $1,600,
each of them contributing one-third thereof.    On September 21, 1892, Kessler conveyed to Hoge an undivided one-third interest in the east half and on the same day Kessler and Hoge executed to the defendant, as trustee for D.
D. Mallory, a deed of trust upon the east half, to secure
a loan to Kessler and Hoge of $6,000, the deed making
no mention of the interest of the plaintiff, and containing
the usual covenants of seisin and warranty; the deed of
trust being executed by Kessler in person and by the
attorney in fact of Hoge, he being absent from the terri-

tory. The plaintiff was not a party to the negotiations for the loan; was not aware till afterwards of the execution of the deed of trust, and did not consent thereto; and received no portion of the $6,000.

The above facts are undisputed. It is alleged by the plaintiff in his complaint that Frank Pierce, who as the agent of Mallory, made the loan, prepared the deed of trust, and paid the money, had notice during the negotiations, and before the deed was executed or the money paid, that the plaintiff was interested in the property covered by the deed of trust. This is denied by the defendant in his answer. Upon this issue the court below found for the plaintiff, and the defendant, on appeal, admits the sufficiency of the evidence to warrant the finding, but insists that the court below erred in two particulars: (1) In holding that the plaintiff was the owner of one-third of the property covered by the deed of trust, instead of only one-sixth thereof; and (2) in permitting Kessler, when called as a witness by the plaintiff, to answer, over the objection of the defendant, that he informed Pierce, the agent of Mallory, before the execution of the deed of trust, of the interest of the plaintiff in the property. It is conceded by appellant that the plaintiff had an undivided one-sixth interest in the whole property, but it is contended that he did not convey his interest in the west half to Baumgarten and Partridge, and took nothing by the conveyance by Baumgarten and Partridge of their interest in the east half to Kessler. This is claimed to be so because the plaintiff was not a party to either conveyance, and that, so far as the plaintiff was concerned, it was only a parol partition of the property, and void under the statute of frauds. What the effect was of the conveyance by Kessler, with the consent of plaintiff, to Baumgarten and Partridge, of the undivided one-half of the west portion, we need not consider, as it is not involved

in this case.    But we think it is clear that when Baum-
garten and  Partridge conveyed their  portion  in the east
half  to  Kessler, under an agreement with  Kessler, Hoge
and  the  plaintiff, each of  them paying one-third of the
$1,600  paid  therefor, the  title  conveyed  by Baumgarten
and  Partridge vested in  Kessler, in trust for  Kessler, Hoge,
and the plaintiff, and that thereupon the plaintiff  became
the equitable owner of an undivided one-third of the east
half.    Originally he had  a one-sixth interest, the title to
which was in  Kessler in trust for him.    By the convey-
ance  from  Baumgarten  and  Partridge  to  Kessler,  the
plaintiff  became  the equitable owner of an undivided one-
sixth in the east half, and thereafter was the owner of an
undivided one-third thereof.    The plaintiff acquired, there-
fore, his one-third interest in the east half by the payment
of one-sixth of the original consideration, and one-third of
the consideration  paid  to  Baumgarten  and  Partridge  for
the conveyance from them, and  the  trust resulting  there-
from.

It is conceded  by  the  appellant that, if  the  several
parties held their  interests  in the original purchase under
a resulting trust, the  division  would be valid, even if by
parol; but he contends  that,  because  Kessler  executed a
declaration  of trust, they  then held under an express, and
not a resulting, trust.    The  declaration  of trust was not
recorded, and became  no  part  of  the  record title to the
premises.    It being  admitted  that  a  trust  resulted from
the original purchase and payment of the consideration by
the several persons contributing  thereto, we  do  not think
that the mere fact  that  Kessler declared in writing what
the law had already  created, changed the character of the
trust.    The plaintiff  did  not  on  the  trial  introduce the
declaration of trust, but showed the transaction, and relied
upon the trust created  by law in his favor  therefrom.
We think the parties held under a resulting trust in their

favor, and that the division was valid, if there had been no deeds exchanged. Freem. Coten. § 399. The respondent claims that the evidence shows sufficient performance of the contract to divide the property to take the case out of the statute of frauds, but we do not deem it necessary to consider that question. We think it apparent that the division was not void as within the statute of frauds, and that the court properly held that the plaintiff, at the time of the execution of the deed of trust, was the owner of an undivided one-third of the real estate covered thereby. When Kessler was called as a witness by plaintiff, and asked whether he informed Pierce of the plaintiff's interest in the property prior to the execution of the deed of trust thereon, the defendant objected thereto on the ground that the witness could not impeach, by his testimony, the deed of trust executed by him. Having in the deed of trust made covenants of seisin and warranty, Kessler would be estopped from denying the same in his own behalf, unless for such fraud or mistake as would impeach its validity. But we know of no rule of law that would preclude the plaintiff, who was not a party to the deed of trust, and not bound by the covenants of Kessler, from calling Kessler, and showing by him that, notwithstanding the covenants of the deed, the grantee therein had knowledge that the plaintiff was the equitable owner of an interest in the property described in the deed. There being no error in the record, the judgment is affirmed.

SMITH and KING, JJ., concur.